United States District Court
Southern District of Texas
**ENTERED**
September 14, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JESUS ZAVALA HERNANDEZ, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 5:17-CV-14 |
| | § | |
| DAVID RAMIREZ, *et al*, | § | |
| | § | |
| Respondents. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed this civil rights complaint under 42 U.S.C. § 1983 on January 27, 2017, while incarcerated at the Rio Grande Detention Center. (Dkt. No. 1). He requested leave to proceed *in forma pauperis* that same day. (Dkt. No. 2). On March 2, 2017, Plaintiff notified this Court that he had been released from custody and had moved to Nuevo Laredo, Tamaulipas, Mexico. (Dkt. No. 15). On March 3, 2017, the District Court granted Plaintiff's motion to proceed *in forma pauperis* and warned him that failure to comply as directed may result in dismissal of this action for failure to prosecute. (Dkt. No. 12). Since the Scheduling Conference on August 30, 2017, this Court has received no contact from the Plaintiff despite having multiple notifications delivered.

On February 13, 2018, two of the Defendants filed a Partial Motion for Summary Judgement, which was granted by the District Court on May 30, 2018. (Dkt. No. 43). The Plaintiff did not file any response to the Partial Motion for Summary Judgement, and his only remaining claim is a false arrest allegation against Defendant Ramirez. *Id*. On July 18, 2018 the Defendant filed an Advisory with the Court, providing information on his repeated unsuccessful attempts to contact the Plaintiff to discuss the possibility of settlement. (Dkt. No. 44). On

August 14, 2018, this Court ordered a status conference to discuss the possibility of settlement to be held on August 29, 2018 at 3 p.m. (Dkt. 45). The Clerk of the Court notified the Plaintiff of the status conference by leaving a detailed voicemail message and by forwarding copies of the referenced documents via FedEx. *Id*. The FedEx mailing was delivered to the address given by the Plaintiff in Nuevo Laredo, Tamaulipas, Mexico, and it was signed for by someone who shared the Plaintiff's surname. (Dkt. No. 46-1). Court held the conference at August 29, 2019, and secured a translator. (Minute Entry dated August 29, 2019). But after waiting twenty minutes, the Court ended the conference after the Plaintiff did not appear. *Id*. On August 30, 2018, the Plaintiff was ordered to file an Advisory showing cause for his failure to attend the Status Conference by September 10, 2018. (Dkt. No. 47). Plaintiff was warned that failure to do so would result in this Court recommending dismissal of this case with prejudice for failure to prosecute. *Id*. A copy of this order was delivered to the address provided by the Plaintiff in Nuevo Laredo, Tamaulipas, Mexico, and signed for by someone there. (Dkt. No. 48-1).

### Recommendation

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute … is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-630 (1962). Because of Plaintiff's failure to prosecute and nonresponsive to the Defendant's outreach and the Court's orders, the undersigned magistrate judge hereby **RECOMMENDS** to the U.S. District Judge that this case be **DISMISSED WITH PREJUDICE** under Rule 41(b) of the Federal Rules of Civil Procedure.

### Warnings

The Parties may file objections to this Report and Recommendation. A party filing

objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

SIGNED this 13th day of September, 2018.

_____
DIANA SONG QUIROGA
United States Magistrate Judge